## William Friedman, Trustee, v. Alexander H. Revell & Company.

1. CHANCERY PRACTICE—*Taxation of Costs a Matter of Discretion with the Court.*—The taxation of costs in a chancery proceeding is usually a matter of discretion with the court.

Bill to Foreclose a Chattel Mortgage.—Error to the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Affirmed. Opinion filed February 13, 1903.

E. W. AUSTIN, attorney for plaintiff in error.

PARKER & PAIN, attorneys for defendant in error.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

April 7, 1900, Robert A. Kilbourn borrowed from George Barnett $402.50, and to secure the payment of the same made a chattel mortgage upon certain household goods, furniture and utensils, and also upon five hundred volumes of books, which mortgage was duly recorded.

May 29, 1900, Robert A. Kilbourn, being indebted to Alexander H. Revell & Company for over $400 for a large portion of the goods theretofore by him mortgaged, and said indebtedness to defendant in error being due, to obtain an extension of the same, made a mortgage to defendant in error of the goods theretofore mortgaged by him to George Barnett, which chattel mortgage to defendant in error was duly acknowledged and recorded May 29th.

May 29, 1900, said Kilbourn made another chattel mortgage to said George Barnett to secure over $300.

On the 3d day of July, 1900, defendant in error filed its

bill to foreclose its chattel mortgage, and on the same day Robert L. Dean was appointed receiver of the mortgaged property and took possession thereof.

The 21st day of September, 1900, a petition in bankruptcy was filed against Robert A. Kilbourn and October 29, 1900, he was duly adjudged a bankrupt.

December 13, 1900, William Friedman, the trustee under said bankruptcy proceedings, filed an intervening petition in the foreclosure suit brought by defendant in error. The cause was referred to a master to take testimony and report. The master reported that May 29, 1900, the time at which the mortgage held by defendant in error was made, Kilbourn's assets, exclusive of his interest under a contract with the Parmalee Library Company, about equaled the amount of his liabilities; that his credit was good until about the middle of May, 1900, when the president of said library company, being anxious to put an end to the said contract which Kilbourn had, and to terminate his connection with the library company, sent written communications to the persons and business houses with whom Kilbourn had been dealing, notifying them that Kilbourn was no longer treasurer of the Parmalee Library Company, and that any future credit extended to him must be upon his individual merit.

Parmalee also called upon a number of business houses, including the complainant, and repeated verbally the substance of his written communications. He also purchased some outstanding claims against Kilbourn and held the same out of Kilbourn's salary. The master found that at the time defendant in error received its note and chattel mortgage from Robert and Elizabeth Kilbourn, defendant in error did not have any reasonable cause to believe that it was intended thereby to give defendant in error a preference and that it was not shown by the evidence that defendant in error, at the time it received its note and chattel mortgage, had any knowledge or notice that Robert Kilbourn and Elizabeth Kilbourn, or either of them, were indebted to any other person, firm or corporation, or had

liabilities of any kind other than what they then owed defendant in error.

The master further found that a few days prior to the execution and delivery of the note and chattel mortgage to defendant in error, defendant in error had investigated the financial condition of Robert Kilbourn, and as a result rested in the belief that Robert Kilbourn was in good financial condition and perfectly solvent, but that he was somewhat tricky and might, possibly, owing to the strained relations between him and Parmalee and the possible severance of his connection with the library company, leave the city of Chicago and take his property with him.

The finding of the master was approved by the chancellor. Among the evidence submitted to the master was a report by the cashier of the Continental National Bank, who, in January, 1900, reported as to Robert A. Kilbourn to defendant in error as follows:

" Resources: we regard him as worth about ten thousand dollars; integrity good. Is he prompt? A. Yes. General reputation? Good." ·

We find no sufficient reason for reversing the conclusion of the master and the judgment of the court as to the intention to give or receive a preference, and also as to the obtaining of the same by defendant in error. Plaintiff in error urges that costs were taxed against him which should not have been. The taxation of costs in a chancery proceeding is usually a matter of discretion with the court. Finding no error warranting a reversal of the decree of the court below, it is affirmed.